Memorandum Opinion of March 30, 2006 Withdrawn; Affirmed and Substitute
Opinion filed December 28, 2006








Memorandum Opinion of March 30, 2006 Withdrawn;
Affirmed and Substitute
Opinion filed December 28, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00383-CR

_______________

 

SHANE HEBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 253rd District Court

Chambers County, Texas

Trial Court Cause No. 12984

                                                                                                                                               


 

S U B S T I T U T E   O P I N I O N

 

Our opinion issued in this case on
March 30, 2006 is withdrawn, and the following opinion is issued in its place.








Shane Hebert appeals a conviction for
possession of child pornography[1] on the ground
that the trial court erroneously denied his motion to suppress evidence
obtained from his computer without a warrant because the State failed to show
that appellant=s girlfriend, Ann Friddell, had actual or apparent authority to consent
to the entry of his office or search of his computer.  We affirm.

We review a trial court=s ruling on a motion to suppress
evidence for abuse of discretion.  Swain v. State, 181 S.W.3d 359, 365
(Tex. Crim. App. 2006), cert. denied, 127 S. Ct. 145 (2006).  In doing
so, we: (1) view the evidence in the light most favorable to the trial court=s ruling; (2) determine whether the
trial court=s supported-by-the-record explicit or implied fact findings, as the case
may be, are dispositive of the legal ruling; and, if not, (3) review the trial
court=s legal ruling de novo.  Texas
v. Kelly, 204 S.W.3d 808, 818B19 (Tex. Crim. App. 2006).  A trial
court may disbelieve some or all of a witness's testimony, even if it is
uncontradicted.  Hernandez v. State, 161 S.W.3d 491, 501 (Tex. Crim.
App. 2005).

A warrantless entry and search is
valid under the Fourth Amendment when police obtain the voluntary consent of an
occupant who actually shares (or is reasonably believed to share) authority
over the area in common with the absent co-occupant who later objects to the
use of the evidence so obtained.[2]  Georgia
v. Randolph, 126 S.Ct. 1515, 1518 (2006).  For this purpose, common
authority does not rest on the law of property or the property interest the
occupant has in the premises, but instead on the existence of a mutual use of
the property by persons generally having joint access or control for most
purposes.   Illinois v. Rodriguez, 497 U.S. 177, 181 (1990);  United
States v. Matlock, 415 U.S. 164, 171B72 n.7 (1974).  Actual authority is
determined from all of the relevant evidence developed and is not limited to
the facts available to the officers at the time of the search.[3]








In denying appellant=s motion to suppress in this case,
the trial court made the following statement at the hearing on the motion:

The motion to suppress is denied.  The Court is going
to go through just a few of the factors it considered.

First of all, Ms. Friddell testified that she paid
bills at the residence, that she was living in the residence, that she had
access and control, equal access and control with the defendant in this case. 
She had a key to the house, she had clothing and furniture there, and had her
personal items there.  She slept in the same bed with the defendant.  The B Ms. Friddell had used the computer before and had
access to the computer before.  The computer was not password protected, so she
could access it.  She was able to do that, and the defendant could have
protected the computer with a password where she couldn=t have accessed that information.  This was the only
usable computer in the home, and nowadays in American society a computer is
just about as common as a telephone or a refrigerator.  The computer was
connected to Ms. Friddell=s phone connection that she paid for or that she had B had B it was in her
name and subject to her control.  Ms. Friddell had an interest in and control
over the computer based on her prior use and the fact that it was connected to
her phone line.  She had the authority and standing to refuse to allow the
search of that computer, if she wished, and standing and the authority to
refuse to allow the search of that house or entry of the house.

Ms. Friddell invited the police into the home and she
presented the officers with the evidence of the crime.  She was able to turn on
the computer and to access the information when it could have been very well
password protected where somebody that didn=t
have proper access to it could not have brought that information up.  There was
mutual use and access to the computer B
computer.  And obviously to the B to
the officer, Ms. Friddell either knew the password or was able to get into B get into this material.








I B I just think
that in today=s society that when you=re living together you=re using things
of this nature, that a computer, just like a refrigerator, for example, is
commonly used by all members of the household, and the defendant could have
password protected it if he wished.  He could have locked the door, he could
have denied her access, but he never did any of those things.  She had equal
access to that computer.  

The motion to suppress is denied.

In addition to the foregoing facts
recited by the trial court, evidence was presented at the suppression hearing
that Friddell had no reason to think she was not allowed to use the computer
because appellant never told her to stay away from it and there was not another
computer in the trailer she could have used.

Appellant=s brief concedes that Fridell had
authority to consent to a search of the trailer=s common areas, and challenges only
her authority regarding the non-common areas, such as appellant=s office and computer.  However,
appellant=s brief cites no cases to support a contention that separate and/or
greater authority would be required for non-common areas, either generally or
under circumstances similar to those in this case.  In addition, appellant=s issue does not challenge the
evidence supporting the trial court=s statements but only its legal
conclusion that those facts amount to actual (or apparent) authority in that:
(1) there is no evidence that Friddell was a party to the rental or ownership
of the trailer; (2) Friddell testified that appellant used the third bedroom as
his office and the computer there belonged to him; (3) appellant had the right
to exclude Friddell from entering his office or using his computer there; (4)
there is no evidence that appellant gave Friddell express or implied consent to
enter his office or use his computer; and (5) Friddell testified that she had
never used the computer without appellant being present.  However, appellant cites
no cases reaching a contrary conclusion on the issue of actual authority on
facts resembling those relied upon by the trial court, nor does he cite any
cases concluding that actual authority was lacking due to factors similar to
those he relies upon to preclude a finding of actual authority.








Because: (1) the
supported-by-the-record facts recited by the trial court show that Friddell had
Ajoint access or control for most
purposes@ to the trailer premises; and (3) the
factors relied upon by appellant show, at most, a lack of equal, but not joint,
access or control over the office or computer, we conclude that appellant=s issue fails to demonstrate that the
trial court erred in denying his motion to suppress.  Therefore, appellant=s issue is overruled, and the
judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Substitute
Opinion filed December 28, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           After the trial court denied his motion to
suppress, appellant entered a guilty plea and the trial court sentenced him to
six years confinement.





[2]           Although the United States Constitution
requires the State to prove the validity of the consent by only a preponderance
of the evidence, the Texas Constitution requires the State to show it by clear
and convincing evidence. Rayford v. State, 125 S.W.3d 521, 528 (Tex.
Crim. App. 2003). 





[3]           See Rodriguez, 497 U.S. at 181B82 (considering evidence from suppression hearing and
trial beyond that known to officers in determining whether actual authority was
established); Matlock, 415 U.S. at 172B78 (same and ruling that additional such evidence excluded by the trial
court was admissible).  If actual authority is not established, consent may
nevertheless be valid based on apparent authority if the facts available to the
officer at the moment warrant a man of reasonable caution in the belief that
the consenting party had authority over the premises.  Rodriguez, 497
U.S. at 188B89.  Thus, officers may not accept a person=s invitation to search, even when accompanied by an
explicit assertion that the person lives there, if the surrounding
circumstances are such that a reasonable person would doubt its truth and not
act upon it without further inquiry.  Id. at 188.  However, because
actual authority was established in this case, we need not address apparent
authority.